**In re: CHARTER BEHAVIORAL HEALTH SYSTEMS, LLC, Debtor.**

**Official Committee of Unsecured Creditors, Appellant,**

v.

**Chase Manhattan Bank, as Collateral Agent; and Crescent Real Estate Funding VII, L.P.**

No. 00–3516.

United States Court of Appeals, Third Circuit.

Submitted May 6, 2002.

Decided June 3, 2002.

Before NYGAARD, ALITO, and ROSENN, Circuit Judges.

the District Court did not abuse its discretion when it did not remand the case under sentence six.

1. If the new owner elects to take an assignment of the existing Medicare Provider Agreement, it receives an uninterrupted stream of

OPINION OF THE COURT

NYGAARD, Circuit Judge.

This appeal arises out of a Chapter 11 Bankruptcy involving the Debtors, Charter Behavioral Health System, LLC, et al. ("Charter"), former owners of inpatient psychiatric hospitals. In this appeal, a committee of unsecured creditors is challenging the District Court's order allowing Charter to assume and assign certain executory contracts involving Medicare and the sale of some of Charter's hospitals. We find this appeal moot under 11 U.S.C. § 363(m).

The parties are familiar with the facts of this case. As a result, we will provide only a brief summary of those facts at the outset and will incorporate additional facts as they are relevant to our discussion of the issues.

Charter owned and managed in-patient psychiatric hospitals which provided services to some of its patients at some of its hospitals pursuant to Medicare Provider Agreements. Charter filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on three separate dates in the year 2000. On July 25, 2000, in order to sell some of its hospitals, Charter filed a Motion for Authority to Assume and Assign Medicare Provider Agreements and For Establishment of Cure Amounts. These sales were conditioned upon the assumption and assignment, to the purchasers, of the Medicare Provider Agreements associated with such facilities, free and clear of any claims by the United States Department of Health and Human Services.[1] Charter and HHS reached a settle-

Medicare payments but assumes successor liability for overpayments and civil monetary penalties asserted by the Government against the previous owner. *See* 42 C.F.R. § 489.18(d); *Deerbrook Pavilion, LLC v. Shalala,* 235 F.3d 1100, 1103–05 (8th Cir.2000);

ment as to the cure amount, and in connection with the payment of the $7 million portion of the cure amount, HHS agreed to waive its rights to successor liability against the purchasers of the facilities. The Settlement Agreement was approved by the District Court, the $7 million was paid to HHS, and the Medicare Provider Agreements were assumed and assigned.

Appellant, the Official Committee of Unsecured Creditors, raises two issues on appeal:

1. Whether the District Court erred when it authorized Charter to pay claims to the United States that did not arise under the contracts to be assumed.

2. Whether the District Court erred when it approved a settlement agreement between the Debtors and the United States because it did not have sufficient information to make an independent determination about the settlement.

In response, Charter and the Government filed motions to dismiss, claiming that this appeal is moot under 11 U.S.C. § 363(m) and the doctrine of equitable, or prudential mootness.

We do not reach Appellant's issues because this appeal is statutorily moot under 11 U.S.C. § 363(m), which provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

In *Cinicola v. Scharffenberger*, 248 F.3d 110 (3d Cir.2001), we formulated a two-prong test for mootness under § 363(m): (1) whether the order was stayed pending appeal; and (2) whether vacation of the order would affect the validity of the sale. *Id.* at 128 (citing *Krebs Chrysler–Plymouth v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir.1998)). In this case, Appellants did not seek a stay and the only issue is whether vacation of the Assignment Order would affect the validity of the sales.[2] We find that it would.

In *Krebs*, we looked to the remedies suggested by the appellant to determine whether such remedies would affect the validity of the underlying sale. *Krebs*, 141 F.3d at 499. Here, as in *Krebs*, any remedy sought by the Appellant would be impermissible under § 363(m). Vacation of the Assignment Order would undo the assignment of the Medicare Provider Agreements and revive the Government's rights

*United States v. Vernon Home Health, Inc.*, 21 F.3d 693, 696 (5th Cir.1994).

2. Appellant argues that the motion and order at issue were filed under Section 365, and thus Section 363(m) does not apply. This argument fails. In *Cinicola*, we found that although not all orders under § 365 will be subject to § 363(m), the mootness provision will apply to any assignment under § 365 that is inextricably, or fundamentally, intertwined with a sale under § 363, such that, on the facts of the case, reversing the assignment would adversely affect the sale. *Id.* at 125–

26. Here, the two transactions are inextricably intertwined because the assignment of the provider agreements, free of liability to the Government, was essential to the sales of Charter's hospitals. *See also In re Delaware & Hudson Ry. Co.*, 129 B.R. 388, 395 (D.Del. 1991) (applying § 363(m) because the underlying sale was contingent upon the assumption and assignment of the contracts and the court would not disturb "several related transactions which have 'long since been consummated.' ") (quoting *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1093 (3d Cir.1990)).

against Charter's assignees and thus have a serious and detrimental impact on the underlying sale of Charter's assets. Any reversal or modification of the order authorizing Charter's assumption and assignment of the Provider Agreements free of successor liability would undermine the validity of: (1) the Settlement Agreement, (2) the transfer of the Provider Agreements, and (3) the sales of the Operating Assets.

In sum, we find this appeal statutorily moot.